**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
NORFOLK DIVISION**

| | |
|---|---|
| In re:<br><br>    Alicia Ann Mahar,<br>        Debtor. | Case No. 16-74022-SCS<br>Chapter 12 |

**OBJECTION TO FIRST APPLICATION BY COUNSEL FOR THE DEBTOR FOR ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES AND MOTION FOR SANCTIONS AGAINST JOHN W. TRIPP, ESQ. AND TIDEWATER LAW GROUP, P.C.**

John P. Fitzgerald, III, Acting United States Trustee for Region Four, by counsel, objects to the First Application by Counsel for the Debtor for Allowance of Compensation and Reimbursement of Expenses ("Application") filed by Tidewater Law Group, P.C.[1] ("Tidewater Law") on February 23, 2018, and moves for sanctions against Mr. Tripp and Tidewater Law as set forth below.

**JURISDICTION AND VENUE**

1.  John P. Fitzgerald, III is the Acting United States Trustee for Region Four, which includes the Eastern District of Virginia. He may raise, and may appear and be heard, on the matters set forth herein, pursuant to 11 U.S.C. § 307.

2.  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 151, 157(a) and 1334(a) and (b), and the General Order of Reference from the United States District Court

---

[1] Although the Application is filed by Tidewater Law Group, P.C., the contracts and other records produced by Mr. Tripp in this case refer to the firm as Tidewater Law Group, PLLC. The records of the Virginia State Corporation Commission show the PLLC as having been cancelled, and the P.C. registered in February of 2018.

Kenneth N. Whitehurst, III, Esq., AUST, VSB No. 48919
Cecelia Ann Weschler, Esq., VSB No. 28245
Nicholas S. Herron, Esq., NJSB No. 03007-2008, PASB No. 208988
Office of the United States Trustee
200 Granby Street, Room 625
Norfolk, VA 23510
(757) 441-6012

for the Eastern District of Virginia dated August 15, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

3.      Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

## PROCEDURAL HISTORY

4.      This case was commenced on November 21, 2016 by the filling of a voluntary petition for protection under chapter 12 of the United States Bankruptcy Code.

5.      John W. Tripp, Esq. of Tidewater Law represented the debtor.

6.      Mr. Tripp is the only attorney employed at Tidewater Law. He is a member of the the Virginia State Bar and the Bar of this Court.

7.      R. Clinton Stackhouse, Jr. serves as chapter 12 trustee in this case.

8.      On November 14, 2017, the chapter 12 trustee filed a Motion to Dismiss this case.

9.      On December 14, 2017, the Motion to Dismiss was heard by this Court, and continued to January 24, 2018. During the December hearing, the chapter 12 trustee became concerned about the debtor's transactions with Mr. Tripp and Tidewater Law, and requested time to conduct an investigation.

10.      On December 27, 2017, the chapter 12 trustee filed an Amended Motion to Dismiss, seeking dismissal of the debtor's case with prejudice.

11.      On January 19, 2018, the chapter 12 trustee filed a Report detailing his investigation into the fees charged by Tidewater Law in this case. (Dkt. 162).

12.      By Order entered January 31, 2018, the Court granted the Motion to Dismiss, barring the debtor from refiling for bankruptcy protection for a period of 180 days. (Dkt. 181).

13.      The Order also contained the following language:

> notwithstanding the forgoing, the court retains jurisdiction of the
> case for adjudication of any entitlement to attorney's fees paid or

      claimed as due by John W. Tripp and/or Tidewater Law Group, and to the extent Mr. Tripp or Tidewater Law Group intend to retain any of the monies they have received from Ms. Mahar, an application must be filed with the Court within thirty (30) days of January 24, 2018….

(Dkt. 181).

14.     On February 23, 2018, Tidewater Law filed its Application, in accordance with the Order.

15.     In its Application, Tidewater Law seeks compensation in the amount of "$5,100, less $3,800 paid previously by the Debtor, for a total of $1,300.00."

16.     Tidewater Law attached to its application a record of time entries supporting its request for fees.

17.     Tidewater Law failed to present any confirmable plan to this Court during the pendency of this case.

18.     The Application contradicts the disclosures previously made to this Court by Mr. Tripp, pursuant to Fed. R. Bankr. P. 2016.

19.     On November 21, 2016, Mr. Tripp filed a disclosure of compensation pursuant to Fed. R. Bankr. P. 2016. (Dkt. 1, p. 9 of 10). In it, he disclosed his agreement to accept $5,100 from the debtor in connection with this case. Of that, he disclosed having received only $25 as of the petition date, with the balance to be paid by the chapter 12 trustee.

20.     On December 12, 2016, Mr. Tripp filed an amended Rule 2016(b) disclosure. In it, he disclosed that he had received a total of $1,025 from the debtor, and expected the balance of $4,075 to be paid by the chapter 12 trustee.

21.     Attached to the chapter 12 trustee's Response as Exhibit E is an April 11, 2017 agreement signed by the debtor, in which Tidewater Law acknowledges having received $4,850 from the debtor.[2] (Dkt. 190, Ex. E).

22.     According to the Application, Tidewater Law has received $3,800 from the debtor.

23.     The disclosures made by Mr. Tripp and Tidewater Law to this Court concerning the fees paid by the debtor, and those still outstanding, have been inconsistent and inaccurate.

24.     As set forth more completely in both the chapter 12 trustee's Report (Dkt. 162), and his Response to the Application (Dkt. 190), the debtor and Mr. Tripp do not agree on the total amount paid by her to Tidewater Law. They further disagree as to whether certain amounts paid by her to Tidewater Law were paid in connection with a prior bankruptcy filing, or the current chapter 12 case.

25.     Given the disagreements between the debtor and Mr. Tripp, the U.S. Trustee is unable to determine which disclosures, if any, are accurate.

### *Tidewater Law threatened the debtor with the dismissal of her case.*

26.     On February 21, 2017, the date the debtor's chapter 12 plan was due, Mr. Tripp filed a motion to extend the deadline by which the debtor must file a chapter 12 plan. *See* 11 U.S.C. §1221 (requiring the filing of a chapter 12 plan not later than 90 days after the order for relief).

27.     The Court granted the motion, extending the deadline to June 22, 2017. An Order granting the motion was entered April 5, 2017, following the issuance to Mr. Tripp of a notice of failure to prosecute. (Dkt. 54).

---

[2] This Agreement also states that the debtor "has agreed to tender an additional $525.00 prior to the filing of [her] Chapter 12 Plan…." *Id.*

28. On or about April 7, 2017, Ashley Simmons, Tidewater Law's office manager, sent the debtor an email in which she stated:

> Your balance as of today on your active Chapter 12 is $2,325.00. The balance will have to be **paid in full** before we will file your Chapter 12 Plan. The deadline to file your Chapter 12 Plan is **June 22, 2017**. It is entirely up to you when you pay the balance; however we can not file your Chapter 12 Plan unless your balance is paid in full. If you do not file your Chapter 12 Plan before the deadline of June 22, 2017, your case will be dismissed.

A copy of the email is filed herewith as Exhibit A.

29. The debtor did not pay the $2,325.00.

30. As noted above, the debtor signed a new agreement with Tidewater Law on April 11, 2017. In it, she agreed to pay an additional $525.00 prior to the filing of a chapter 12 plan. (Dkt. 190, Ex. E).

31. On June 22, 2017, Mr. Tripp filed a second motion to extend the chapter 12 plan filing deadline.

32. On August 21, 2017, Mr. Tripp filed the debtor's chapter 12 plan. According to the debtor, she drafted the plan herself, without any assistance from Mr. Tripp or his staff.[3]

33. On January 10, 2018, the chapter 12 trustee examined Mr. Tripp pursuant to Fed. R. Bankr. P. 2004.[4] He asked Mr. Tripp about the email: "Would this have been sent under your supervision?" to which Mr. Tripp responded: "It may not have been." Mr. Tripp further admitted that "It should not have been sent. That language should not have been in there." (Ex. B).

---

[3] In support of the Application, Mr. Tripp's time records show only 2.5 hours on August 21, 2017 devoted to the drafting and filing of this chapter 12 plan. According to the time records, both motions to extend the deadline to file a plan were drafted and filed entirely by Ms. Simmons, with no time entries reflecting any input from Mr. Tripp.

[4] The relevant section of the examination's transcript is filed herewith as Exhibit B.

5

34. Mr. Tripp has managerial authority over Tidewater Law, and direct supervisory authority over Ms. Simmons.

35. Mr. Tripp knew or should have known of Ms. Simmons' email to the debtor at the time it was sent. On information and belief, Mr. Tripp made no effort to correct the statements in Ms. Simmons' email to the debtor.

36. Mr. Tripp was required to properly supervise Ms. Simmons at all times during his representation of the debtor. Va. R. Pro. Cond. 5.3.

37. Mr. Tripp failed to properly supervise Ms. Simmons.

38. Ms. Simmons improperly threatened the debtor with the dismissal of her case.

39. Mr. Tripp is responsible for Ms. Simmons' actions as his paralegal.

40. This is not the first case in which Mr. Tripp's failure to supervise Ms. Simmons has put one of Mr. Tripp's clients in legal jeopardy.

41. In *In re Mack*, Case No. 09-71540-SCS, the chapter 13 trustee, by counsel, examined Ms. Simmons (then Cortinas) pursuant to Fed. R. Bankr. P. 2004 on February 12, 2012. The transcript of that examination is filed herewith as Exhibit C.

42. During that examination, counsel for the chapter 13 trustee asked Ms. Simmons about Mr. Tripp's supervision of her as a paralegal in his office. Rather than answer the entire line of questions about Mr. Tripp's failure to supervise her, Ms. Simmons invoked her Fifth Amendment right to avoid self-incrimination.[5] (Ex. C, 6-11).

43. In *Mack*, Mr. Tripp was ordered to show cause why he should not be temporarily or permanently barred from practice before this Court. *Mack*, Case No. 09-71540-SCS, Dkt. 115.

---

[5] The unauthorized practice of law is a crime in Virginia. Va. Code § 54.1-3904 ("Any person who practices law without being authorized or licensed shall be guilty of a Class 1 misdemeanor.").

44. Ultimately, after a series of status hearings and reports, this Court concluded that sanctions were not warranted against Mr. Tripp, in part because, while the matter was pending, he closed his solo law practice, stopped filing bankruptcy cases and joined another law firm in or around March of 2013. *See*, *e.g.*, Transcript of June 12, 2013 Hearing, Case No. 09-71540-SCS, Dkt. 173.

45. Mr. Tripp has since left that firm, and is, once again, a sole practitioner.

***Mr. Tripp failed to prosecute the debtor's Complaint against U.S. Bank, National Association***

46. On March 31, 2017, Mr. Tripp filed, on behalf of the debtor, a Complaint in this Court against U.S. Bank, National Association, *et al.*, commencing Adversary Proceeding 17-07015-SCS.

47. As counsel of record, Mr. Tripp was responsible for ensuring service of the Complaint on the defendants named therein.

48. Mr. Tripp failed to serve the Complaint.

49. On May 19, 2017, this Court entered an Order cancelling its pre-trial conference in the adversary proceeding because the Complaint had not been served.

50. On June 1, 2017, Mr. Tripp filed, without leave of Court, an Amended Complaint.

51. On June 15, 2017, this Court entered an Order directing the Clerk to withhold the issuance of process until the debtor filed a motion seeking leave to file the Amended Complaint.

52. On July 10, 2017, Mr. Tripp filed a Motion for Leave to File Complaint.

53. On July 19, 2017, Mr. Tripp filed a notice of hearing on the motion, advising of an August 10, 2017 hearing date.

54. On August 10, 2017, the Court convened a hearing on the motion. Mr. Tripp failed to appear.

55. The Court dismissed the motion for failure to prosecute.

56. On August 15, 2017, the Court dismissed the Complaint, without prejudice.

57. On September 17, 2017, Mr. Tripp, on behalf of the debtor, again filed a Complaint against U.S. Bank, National Association, *et al.*, commencing adversary proceeding 17-07038-SCS.

58. Mr. Tripp, as counsel of record, was again responsible for ensuring service of the Complaint on the defendants named therein.

59. Again, Mr. Tripp failed to effect service on the defendants.

60. On November 1, 2017, this Court entered an order cancelling the pretrial conference in APN: 17-07038-SCS, due to the failure of the plaintiff to serve the Complaint.

61. It does not appear from the record of the adversary proceeding that Mr. Tripp ever served the defendants.

62. Mr. Tripp owed the debtor in this case a duty of competence, as required by Va. R. Pro. Cond. 1.1.

63. Mr. Tripp failed to meet that duty.

## ARGUMENT

Mr. Tripp's violations of his ethical obligations in this case warrant the disgorgement of all fees paid by the debtor, as well as the issuance of sanctions to prevent Mr. Tripp's continued misconduct. This Court's Order of January 31, 2018 required Mr. Tripp to file an Application in order to retain any of the monies paid to him by the debtor. In addition, 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017 "'furnish the court with express power to review payments to attorneys for excessiveness.'" *Burd v. Walters (In re Walters)*, 868 F.2d 665, 667 (4th Cir.1989) (citing *In re Martin*, 817 F.2d 175, 180 (1st Cir.1987)). Section 329(a) requires

every attorney representing a debtor to file with the court a statement of all compensation received during the preceding year, or to be received, in connection with the bankruptcy. Section 329(b) requires bankruptcy judges to use the information supplied under § 329(a) to determine whether "such compensation exceeds the reasonable value of any such services." If it does, then "the court may cancel any such agreement, or order the return of any such payment, to the extent excessive." 11 U.S.C. § 329; Fed. R. Bankr.P. 2017. Debtor's counsel bears the burden of proof with respect to the reasonableness of the fees charged in connection with a case. *In re Clark*, 223 B.R. 859, 863 (8th Cir. 2000).

Under § 329, ethical conflicts can diminish the value of services to a client, making the fee charged "excessive." *See In re Soulisak*, 227 B.R. 77, 82 (E.D. Va. 1998) (stating § 329 and state ethical rules permit the court to consider attorney's unethical conduct in analyzing reasonableness of legal fees and ordering all fees to be disgorged in four chapter 7 cases because lawyers violated Virginia ethics rules governing the unauthorized practice of law). Collier reviews the philosophy undergirding § 329:

> Section 329 of the Bankruptcy Code is an example of the bankruptcy court's traditional concern for the need to scrutinize carefully the compensation paid to the debtor's attorney. Courts have long recognized that the debtor is in a vulnerable position and is highly dependent on its attorney and therefore will be reluctant to object to the fees of the attorney. In order to prevent overreaching by an attorney, and provide protection to creditors, section 329 requires that an attorney submit a statement of compensation to be paid to enable the court to determine if the fees are reasonable. Thus, section 329 establishes "an important and valuable process that is statutorily mandated to insure that only reasonable, necessary, beneficial professional services and fees are charged against and paid by a prospective or prepetition debtor in bankruptcy."

3 Lawrence P. King *et al.*, COLLIER ON BANKRUPTCY ¶ 329.01, 329-4 to -5 (15th ed. rev.1998).

9

### *Tidewater Law improperly threatened the debtor*
### *with the dismissal of her case unless she paid additional fees.*

In April 2017, Ashley Simmons, Senior Paralegal at Tidewater Law, threatened the dismissal of the debtor's case unless the debtor paid the firm $2,325 in full. Mr. Tripp, the attorney responsible for supervising Ms. Simmons, admitted under oath that Ms. Simmons' email to the debtor should not have included that threat. Nevertheless, Mr. Tripp is responsible for Ms. Simmons' supervision, and did nothing to stop it, or to correct it. Instead, the debtor was asked to sign a new fee agreement, including an obligation for her to pay $525 prior to Mr. Tripp filing a plan on her behalf. (Dkt. 190, Ex. E).

"Absent compliance with the law, no professional has an absolute right to their fees." *Soulisak*, 227 B.R. at 82. As a member of the Virginia State Bar, and the Bar of this Court, Mr. Tripp is governed at all times by the Virginia Rules of Professional Conduct. Local Rule 2090-1 (I). By failing to supervise Ms. Simmons, Mr. Tripp has violated Va. R. Pro. Cond. 5.3(c). As a result, he is responsible for her email to the debtor threatening the dismissal of her case unless she paid $2,325 in time for her plan to be filed.[6] "The nonpayment of fees is usually not a sufficient basis, standing alone, to override the attorney's ethical responsibilities of continued representation of a client…." *In re Schley*, 2012 WL 1616817, at *2 (Bankr. E.D.Va., May 9, 2012) (Tice, C.J.) (citing *Reynolds v. Reliable Transmissions, Inc.*, 2009 WL 3064774, at *1 (E.D.Va. Sept. 21, 2009); *NGM Ins. Co. v. Secured Title & Abstract, Inc.*, 2008 WL 1826032 (E.D.Va. Apr. 23, 2008)). In other words, Mr. Tripp was not ethically permitted to threaten the debtor with not filing her chapter 12 plan unless she paid additional fees.

Mr. Tripp was required to timely file the debtor's plan even if she didn't pay. He was the

---

[6] "A lawyer with primary responsibility for a client's legal matter is under a duty to know how his client's file is being handled and cannot simply claim ignorance of another's misconduct." *In re Williams*, 2018 WL 832894 at *30 (Bankr. W.D.Va. Feb. 12, 2018).

debtor's counsel of record in this case. He was not permitted to withdraw from representing her absent an order of this Court. Local Rule 2090-1(G); Va. R. Pro. Cond. 1.16(c). Her failure to pay the amount claimed could not relieve Mr. Tripp of his obligation to represent her before this Court. His duty to his client included the timely filing of a chapter 12 plan, even if the debtor failed to pay him on the timetable he requested. His threat was unethical.

### *Mr. Tripp's incompetently failed to serve two separate Complaints on behalf of the debtor.*

Virginia Rule of Professional Conduct 1.1 imposes upon counsel a duty of competence, stating: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation." Va. R. Pro. Cond. 1.1. Mr. Tripp failed to competently represent the debtor.

As detailed above, Mr. Tripp filed a Complaint against U.S. Bank and others on behalf of the debtor. He failed to serve the Complaint. When he was notified by the Court of his failure to serve the Complaint, he improperly filed an Amended Complaint. When he was notified by the Court of the improper filing, and the need to seek court approval for it, he filed a motion for leave to amend. When the Court gave him a hearing on the motion, he failed to appear. As a result of his mishandling of the adversary proceeding, the Complaint was dismissed. He filed a second Complaint, which he also failed to serve. Due to Mr. Tripp's incompetence, the merits of the debtor's Complaint were never properly considered by this Court. This is inexcusable.

### *Mr. Tripp and Tidewater Law failed to accurately make the disclosures required by 11 U.S.C §329 and Fed. R. Bankr. P. 2016*

The Bankruptcy Code requires every attorney representing a debtor in a bankruptcy case to "file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case." 11 U.S.C. §

11

329(a). A debtor's attorney must file the disclosure statement, regardless of the source of compensation. Fed. R. Bankr. P. 2016(b); *In re Engel*, 124 F.3d 567, 571 (3d Cir. 1997). Complete and timely disclosures under Section 329 and Rule 2016 are essential to the integrity of the bankruptcy process, and compliance with Section 329 and Rule 2016 is mandatory. *In re Andreas*, 373 B.R. 864, 872 (Bankr. N.D.Ill 2008); *In re Saturley*, 131 BR 509, 517 (Bankr. D. Me. 1991) ("Coy or incomplete disclosures which leave the court to ferret out pertinent information from other sources are not sufficient.") (citations omitted). In addition, Rule 2016 disclosures must be accurate. An incorrect Rule 2016 disclosure is a false statement of material fact made to the court. *In re Zuniga,* 332 B.R. 760, 783 (Bankr.S.D.Tex.2005).

As detailed above, the Rule 2016 disclosures filed by Mr. Tripp in this case are inconsistent, and factually at odds with the Application. On the Petition Date, Mr. Tripp disclosed only that the debtor had paid $25 to Tidewater Law. (Dkt. 1, p. 9 of 10). According to Ms. Simmons' email to the debtor, the debtor had already paid the firm $2,500 (which the firm claims was in connection with a prior case), plus an additional $1,300 toward this chapter 12 case as of the Petition Date. The initial Rule 2016 Disclosure appears to be false.

Mr. Tripp filed an amended disclosure on December 12, 2016. (Dkt. 24). In it, he disclosed that the debtor had paid a total of $1,025, and expected a balance of $4,075 to be paid by the chapter 12 trustee. While the amount of the payment is consistent with the firm's records, it is clear from both the agreements and course of dealing between Tidewater Law and the debtor that the firm did not expect to recover the remaining $4,075 solely from the chapter 12 trustee.[7] This disclosure also appears to be false.

---

[7] Indeed, the debtor's chapter 12 plan makes no mention of payments to Mr. Tripp or Tidewater Law. (Dkt. 72).

According to the April 11, 2017 Agreement between the debtor and Tidewater Law, the debtor had paid Tidewater Law $4,850, and was expected to pay an additional $525. (Dkt. 190, Ex. E). According to the Application, the debtor paid Tidewater Law $3,800. (Application, ¶ 15). No amounts beyond the $1,025 disclosed on December 12, 2016 were disclosed to this Court. Mr. Tripp was required to make supplemental disclosures within 14 days of receipt of any payments from the debtor. Fed. R. Bankr. P. 2016(b). He failed to do so. Mr. Tripp was also required to make supplemental disclosures upon the debtor making any new agreement with him or his firm. *Id.* He failed to timely disclose the debtor's post-petition fee agreements in accordance with this rule.

"It is well settled that disgorgement of fees is an appropriate sanction for failure to comply with the disclosure requirements of section 329 and Rule 2016," and "ignorance of the rules governing professional compensation, as well as local rules, militates in favor of a determination that disgorgement is appropriate ." *In re Redding,* 263 B.R. 874, 879 n. 6 (8th Cir. B.A.P. 2001) (citations omitted)); *In re Downs,* 103 F.3d 472, 478 (6th Cir. 1996); *In re Futuronics Corp.,* 655 F.2d 463 (2d Cir. 1981). Mr. Tripp and Tidewater Law's failure to accurately and timely comply with the requirements of §329 and Rule 2016 warrant disgorgement of all amounts paid to them by the debtor.

### *Mr. Tripp's violations of the Virginia Rules of Professional Conduct warrant disgorgement and sanctions sufficient to deter repetition of the conduct described above.*

Ethical conflicts can diminish the value of services to a client, making any fee charged "excessive." *See Soulisak*, 227 B.R. at 82 (11 U.S.C.§ 329 and state ethical rules permit court to consider attorney's unethical conduct in analyzing reasonableness of legal fees) (ordering all fees disgorged because lawyers violated Virginia ethics rules governing the unauthorized practice of law). *See also In re Martin,* 197 B.R. 120, 125 (Bankr.D.Colo. 1996) ("Compensation to a

13

debtor's counsel may be considered excessive for a number of reasons including the size of the fee, the nature of the services provided, failure to disclose the information required by Rule 2016(b), unethical conduct or other causes."). Mr. Tripp has not complied with the Virginia Rules of Professional Conduct, made applicable to him by the Local Rules of this Court. His fees should be disgorged.

In addition, Mr. Tripp and Tidewater Law should be sanctioned to prevent further ethical violations before this Court. Federal courts have both inherent and express authority to control practice before them. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991); *Williams v. Lynch (In re Lewis),* 611 Fed.Appx. 134, 136 (4th Cir. 2015); *McGahren v. First Citizens Bank & Trust Co. (In re Weiss)*, 111 F.3d 1159, 1169 (4th Cir. 1997); *In re Parker*, 2014 WL 4809844 at *5 (E.D.Va. Sept. 26, 2014); *In re Paciocco*, 2015 WL 5178036 at *1 (Bankr. E.D.Va. Sept. 3, 2015); *Williams*, 2018 WL 832894 at *27. The Bankruptcy Court derives its inherent and express authority to regulate the behavior of counsel from 11 U.S.C. § 105(a). Section 105(a) authorizes bankruptcy courts to "issue any order . . . necessary or appropriate to carry out the provisions" of Title 11 or to take any action or make any "determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process." 11 U.S.C. § 105(a).

In its inherent power, this Court has broad discretion to select an appropriate sanction. It also possesses "the inherent authority to disbar or suspend lawyers from practice." *In re Evans,* 801 F.2d 703, 706 (4th Cir.1986), *cert. denied, Evans v. United States Dist. Ct. for Dist. of Md.,* 480 U.S. 906, 107 S.Ct. 1349, 94 L.Ed.2d 520 (1987). However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *NASCO, Inc.*, 501 U.S. at 44.

In determining the appropriate sanction, the court should consider the extent of the sanction as it compares to the attorney's conduct in the case. *In re TH*, 529 B.R. 112, 146 (Bankr. E.D.Va. 2015). This Court has a duty to protect the public from abusive practices and unprofessional conduct by counsel. *In re Smith*, 2014 WL 128385 *1 (Bankr. E.D.Va. January 14, 2014). Here, Mr. Tripp failed to competently represent the debtor, and, through his failure to supervise his non-attorney staff, actively threatened her with the dismissal of her own case. Mr. Tripp's incompetence and failure to adequately supervise his law practice warrant consideration by this Court of sanctions pursuant to its inherent authority to regulate its bar, and 11 U.S.C. § 105(a). Mr. Tripp has practiced in this Court for many years. Similar lapses in judgment and supervision by Mr. Tripp have come to the attention of this Court in the past. When they last surfaced, Mr. Tripp left his solo practice to join a larger law firm. He has returned to solo practice. He has the same paralegal who previously claimed the protection of the Fifth Amendment rather than answer whether Mr. Tripp was supervising her in the operation of his law firm. The facts of this case call into serious question Mr. Tripp's ability to competently and ethically represent clients before this Court. Given his actions and omissions in this case, the U.S. Trustee urges this Court to consider suspending or removing Mr. Tripp from its bar.

WHEREFORE, the United States Trustee respectfully requests that this Court:

A.  deny the Application;

B.  order that all legal fees paid by the debtor to Tidewater Law Group, P.C., Tidewater Law Group, PLLC, or John W. Tripp, Esq., be returned to the debtor, pursuant to 11 U.S.C. §329 and the January 31, 2018 Order of this Court;

C.  issue sanctions against John W. Tripp, Esq. and Tidewater Law sufficient to deter future misconduct of the sort described above, including , but not limited to, removal of Mr. Tripp

from the roll of attorneys admitted to practice before this Court, suspension of his privilege to practice before the Bar of this Court for a period of not less than one year, and fines or monetary sanctions; and

    D.    grant such other and further relief as the Court may find appropriate and just.

    Respectfully submitted,

    John P. Fitzgerald, III
    United States Trustee for Region Four

    By /s/ Kenneth N. Whitehurst, III

    Kenneth N. Whitehurst, III, Esq
    Assistant U.S. Trustee

## CERTIFICATE OF SERVICE

I certify that on the 16th day of March 2018, service on all attorney Users in this case was accomplished through the Notice of Electronic Filing, pursuant to CM/ECF Policy 9 of the United States Bankruptcy Court for the Eastern District of Virginia, Case Management Electronic Case Files (CM/ECF) Policy Statement, Version 09/04/09.

Service on John W. Tripp, Esq., individually, and in his capacity as registered agent for Tidewater Law Group, P.C., by was made on the same day by U.S. Mail, postage prepaid, addressed to John W. Tripp, Esq., 468 Investors Place, Suite 202, Virginia Beach, VA 23452.

    /s/ Kenneth N. Whitehurst, III